# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL NO. 396 PLUMBERS & PIPEFITTERS COMBINED FUND, | ) ) ) | CASE NO. 4:10CV1518 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | ORDER |
| | ) ) | |
| TRU-TEMP SALES AND SERVICE/GRISWOLD REFRIGERATION, INC., et al. | ) ) ) ) | |
| DEFENDANTS. | ) | |

Plaintiff Local No. 396 Plumbers and Pipefitters Combined Fund ("Plaintiff") has moved for judgment by default on their Complaint against Defendants Tru-Temp Sales and Service/Griswold Refrigeration, Inc. and Temperature Technologies, Inc. (collectively, "Defendants"). (Doc. No. 8.) Neither defendant has responded to the motion.

The Docket demonstrates that both defendants were properly served the Summons and Complaint (*see* Doc. No. 5) and have failed to answer or otherwise plead to the Complaint within 21 days of service. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Courts of this District entered Defendants' default on August 11, 2010. (Doc. No. 7.) Accordingly, Plaintiff's motion for default judgment is properly before this Court pursuant to Fed. R. Civ. P. 55(b).

Plaintiff's Complaint charges defendants with liability under the

Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, for failing to make mandatory fringe benefit contributions to Plaintiff, an employee fund. (Doc. No. 1.) In its motion, Plaintiff seeks $68,271.51 for fringe benefits owed by Defendants from October 2009 through July 2010; $6827.15 for liquidated damages; $350 for costs; and $5875 for attorneys' fees. As they are corporations, Defendants cannot be an infant or an incompetent person. Plaintiff, therefore, is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b), and its motion for such relief is hereby **GRANTED**.

Rule 55(b)(2) governs the Court's consideration of a motion for default judgment where the plaintiff's damage claim is for an uncertain amount and provides, in relevant part:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any matter.

"[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). In the instant action Plaintiff submits the Affidavit of Timothy B. Myers, the Fund Administrator, in support of its motion to prove the amount of damages. (Doc. No. 8-2.) For the reasons set forth below, the Myers Affidavit is insufficient, and the Court requires additional proof in order to make its determination. *Cf., Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir.1993) (finding it was "not

necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation").

The Myers Affidavit states that Defendants submitted Plaintiff fringe benefit reports for the months of October 2009 through December 2009. (Doc. No. 8-2 at ¶ 6.) According to those monthly reports, the affidavit alleges, Defendants should have remitted fringe benefit contributions for $20,415.71. (*Id.*) Plaintiff has failed, however, to submit any underlying documents, including but not limited to the monthly reports that the affidavit describes. Thus, Plaintiff is granted leave until 30 days from the date of this Order to provide documentation that substantiates the amount of Defendants' delinquency for the period of October 2009 through December 2009.

Plaintiff also seeks $5,875.00 in attorneys' fees and $350 in costs associated with the prosecution of this case under 29 U.S.C. § 1132(g)(2)(D). Consideration of Plaintiff's request for fees is made using the "lodestar" approach. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In making the lodestar calculation, "[t]he most useful starting point […] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983). "The party seeking an award of fees should submit evidence supporting the hours

worked and the rates claimed."[1] *Id.*

Plaintiff's request for attorneys' fees and costs is supported by the Affidavit of Attorney of Dennis Haines. The Haines Affidavit, like the Myers Affidavit, is insufficient proof of the amount due. The Haines Affidavit fails to explain the work performed or a breakdown of the fees associated with that work; no billing records are appended to the affidavit. The affidavit also fails to explain the prevailing rates. *See Geier v. Sundquist,* 372 F.3d 784, 791 (6th 2004) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.") (citing *Adock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). Consequently, the Court cannot determine whether the fees are reasonable. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("attorney's fees may not be awarded without a [Rule 55(b)(2)] hearing to determine the amount"). Plaintiff is hereby granted leave until 30 days from the date of this Order to submit a detailed accounting that includes: a specific description of the work performed; the amount of time devoted to each task; the hourly fees charged for the work; the experience level of the attorney or attorneys who performed the work; and proof that the rates are comparable to attorneys with similar experience in this District.

Plaintiff alleges that it is entitled to liquidated damages equaling an

---

[1] Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor, (2) difficulty of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and the results obtained, (9) the attorney's experience, reputation and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client relationship and (12) awards in similar cases. *Hensley*, 461 U.S. at 430, n.3.

additional 10 percent of owed fringe benefits contributions, but neither Plaintiff's motion nor its supporting affidavits specify the basis of that award. For example, it is unclear whether Plaintiff bases this recovery on 29 U.S.C. § 1132(g)(2)(B), under which plaintiffs may be entitled to an award of interest for the period of delinquency. And if Section 1132(g) does apply, it is further unclear whether the fund plan at issue sets the rate for damages. *See* 29 U.S.C. § 1132(g)(2)(B) (providing that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986"). Plaintiff is hereby granted leave until 30 days from the date of this Order to submit evidence clarifying and demonstrating the basis of its claim for liquidated damages.

The Myers Affidavit states that Defendants never submitted fringe benefit reports for the months of January 2010 through July 2010. (*Id.* ¶ 8). Consequently, Plaintiff cannot know the amount that Defendants should have remitted in fringe benefits during that time period. For this reason, the Court will hold in abeyance the question of the final amount of judgment until these amounts can be quantified.

Based on the foregoing, it is **ORDERED, ADJUDGED** and **DECREED** that judgment shall be entered against Defendants and in favor of Plaintiff. It is further **ORDERED** that:

(1) Defendants shall submit to an audit of its payroll and taxes by Plaintiff in order to determine the amounts due for all fringe benefit contributions, and interest due for the period of January 2010 through July 2010, and that, following said audit, the Court shall retain jurisdiction for compliance with the Order pertaining to such audit. Said audit shall be conducted within 30 days from the date of this Order;

(2) Defendants are further **ORDERED** to submit all monthly fringe benefit

remittance forms and pay the corresponding contributions that are currently due or may come due to Plaintiff for the period October 2009 through this entry of this Order within 30 days from the date of this Order. This Court retains jurisdiction to enter an Order and Judgment for the amount to be due and owing as a result of such audit; and

(3) Plaintiff is hereby **ORDERED** to submit additional documentation to substantiate its claim for unpaid contributions from the period of October 2009 through December 2009; its claim for liquidated damages; and its claim for attorneys' fees, as set forth in this Order, by with 45 days of this Order.

**IT IS FURTHER ORDERED** that the Court will conduct a hearing as to the amount of damages on November 18, 2010 at 10:00 a.m. Prior to the date of the hearing, but by no later than 45 days from the date of this Order, Plaintiff shall submit to this Court proof of its damages for the period of October 2009 to July 2010, along with proof of attorneys' fees and a proposed order. If Plaintiff's counsel is of the view that a hearing is not necessary because the materials submitted are sufficient to determine and award an amount certain, the Court will entertain a motion to cancel the hearing and to enter a final award of damages in favor of Plaintiff.

**IT IS SO ORDERED**.

Dated: September 14, 2010

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**