UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOCAL NO. 396 PLUMBERS & PIPEFITTERS COMBINED FUND, ) ) ) | CASE NO. 4:10-CV-1518 |
| PLAINTIFF, ) ) | JUDGE SARA LIOI |
| vs. ) ) ) ) | OPINION & ORDER |
| TRU-TEMP SALES AND SERVICE/GRISWOLD REFRIGERATION, INC., et al. ) ) ) ) | |
| DEFENDANTS. ) | |

On September 14, 2010, this Court granted Plaintiff Local No. 396 Plumbers and Pipefitters Combined Fund's ("Plaintiff") motion for judgment by default on its Complaint against Defendants Tru-Temp Sales and Service/Griswold Refrigeration, Inc. and Temperature Technologies, Inc. (collectively, "Defendants"). (Doc. No. 10.) The Complaint charges Defendants with liability under the Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, for failing to make mandatory fringe benefit contributions to Plaintiff, an employee fund. (Doc. No. 1.) At the time this Court granted Plaintiff's motion for default judgment it could not, based upon the record before it, ascertain the amount of damages due to Plaintiff. (Doc. No. 10 at 5-6.) The Court, therefore, directed Plaintiff to file additional documentation that would establish the amount to which it was entitled from Defendants, and scheduled a hearing on damages to take

place on November 18, 2010. (*Id*. at 6.) That hearing was twice rescheduled. (*See* Doc. Nos. 13, 14.)

Plaintiff seeks $38,283.22 for fringe benefits contributions owed by Defendants from October 2009 through July 2010; $3,828.32 for liquidated damages; $10,450.00 for attorneys' fees; $350.00 for filing costs; $1,525.00 for professional audit fees; and post-judgment interest pursuant to 29 U.S.C. § 1132(g) and 26 U.S.C. § 6621. Plaintiff has submitted two supplemental briefings in support of its motion for default judgment (Doc. Nos. 11, 15). On December 17, 2010, Plaintiff moved this Court to cancel the damages hearing on the ground that the Court had sufficient information before it to make a damages determination. (Doc. No. 17.). This Court now has sufficient materials before it to issue an award pursuant to Fed. R. Civ. P. 55.

### ANALYSIS

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (citing *Thomas v. Wooster*, 114 U.S. 104 (1885); *Antonie v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995)). In order for a court to enter judgment, a court must determine the amount of damages. Under Fed. R. Civ. P. 55, a court may conduct a hearing or make a referral if it needs to determine a sum certain for damages. Rule 55 does not require an evidentiary hearing as a perquisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court. *See* Fed. R. Civ. P. 55.

In support of its motion for a final judgment, Plaintiff submits two affidavits by Dennis Haines, Esq. (Doc. Nos. 8-1, 11-2), two affidavits by Timothy B. Myers (Doc. Nos. 8-2, 11-1), two affidavits of Joseph D. Kondela, Esq. (Doc. Nos. 11-3, 15-2), and one affidavit by

David Buttar (Doc. No. 15-1). Mr. Myers is Plaintiff's Fund Administrator and appended to his second affidavit is the agreement at issue between Plaintiff and Defendants, and the fringe benefit reports submitted by Defendants for October 2009 through December 2009. (Doc. No. 11-1.) Mr. Buttar is a certified public accountant who was hired by Plaintiff to determine the amount of fringe benefit contributions owed to Plaintiff by Defendants for January 2010 through July 2010 and appended to his affidavit is a summary of his findings. (Doc. No. 15-1.) Appended to the affidavits of Mr. Haines and Mr. Kondela, Plaintiff's attorneys, are billing statements setting forth the attorneys' fees and costs incurred by Plaintiff in this litigation. (Doc Nos. 11-2, 11-3, 15-2.) This Court finds the submitted evidence sufficient to ascertain Plaintiff's damages and, thus, an evidentiary hearing is unwarranted to determine the necessary sum certain under Rule 55. Accordingly, Plaintiff's motion to cancel the damages hearing (Doc. No. 17) is **GRANTED**.

      1. **Fringe Benefits**

Plaintiff asserts that it is entitled to $38,283.22 for fringe benefit contributions that Defendants failed to distribute for the months of October 2009 through July 2010. Attached to the second affidavit of Mr. Myers are the fringe benefit reports submitted by Defendants for the months of October 2009 through December 2009. (*See* Doc. No. 11-1 at ¶ 6; Exs. 2-4 to Doc. No. 11-1.) The fringe contribution reports demonstrate that Plaintiff was owed a total of $20,415.71 for the months of October 2009 through December 2009. The services of Mr. Buttar, a certified public accountant of the accounting firm Yuchyk & Davis, CPA's, Inc., were retained by Plaintiff to determine the fringe benefit contributions Defendants owed Plaintiff for the months of January 2010 through July 2010. (*See* Doc. No. 15-1 at ¶¶ 1-3; Ex. A to Doc. 15-1.) Mr. Buttar determined that Defendants owed Plaintiff a total of $17,867.51 for January 2010

through July 2010. Accordingly, this Court finds that Plaintiff is entitled to $38,283.22 for delinquent fringe benefit contributions.

### 2.  Liquidated Damages

Plaintiff asserts that it is entitled to liquidated damages in the amount of ten percent of the owed fringe benefit contributions. In support of its assertion, it submits the collective bargaining agreement at issue in the instant action. Under the terms of that agreement Defendants would owe a ten percent penalty for overdue contributions. (*See* Ex. 1 to Doc. No. 11-1 at § 1.6(d).) Accordingly, this Court finds that Plaintiff is entitled to $3,828.32 (ten percent of the owed fringe benefit contributions) for liquidated damages.

### 3.  Attorneys' Fees, Filing Costs, and Professional Audit Fees

Plaintiff asserts that it is entitled to $10,450.00 for attorneys' fees, $350.00 in filing costs, and $1,525.00 in professional audit fees. In support, Plaintiff submits an affidavit of Mr. Haines, who rendered legal services for the instant action from July 7, 2010 until October 11, 2010, and two affidavits of Mr. Kondela, who rendered legal services from July 7, 2010 until December 16, 2010.

Plaintiff is entitled to attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D). In determining a reasonable fee award, "the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee." *Bittner v. Tri-County Toyota, Inc*., 58 Ohio St. 3d 143, 145 (1991). This formula, commonly known as the "lodestar," "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After a court has determined the lodestar amount, it may make adjustments based on twelve factors:

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other

> employment by the attorney due to the acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 435 (6th Cir. 2002) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5, (1989)) (numerals omitted); *Bittner*, 58 Ohio St. 3d at 145. The calculation of attorneys' fees is left to the discretion of the district court and, in reaching its conclusion, the court need not set forth in detail its findings as to each factor. *Healthcall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, 632 F.Supp.2d 676, 680 (E. D. Mich. 2009); *Bittner*, 58 Ohio St. 3d at 146.

In arriving at the lodestar amount, "[t]he number of hours should be reduced to exclude hours that are excessive, redundant, or otherwise unnecessary in order to reflect the number of hours that would properly be billed to the client." *TCF Nat'l Bank v. Brooks*, 2010 Ohio App. LEXIS 1179, *13 (Ohio Ct. App. 5th Dist. Mar. 30, 2010) (quoting *Hensley*, 461 U.S. at 434). A reasonable hourly rate, in turn, is based on "the prevailing market rate in the relevant community." *Id.*, at *5 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

Here, Plaintiff seeks the rate of $250 per hour for services rendered by both their attorneys, Mr. Haines and Mr. Kondela. Mr. Haines attests that his law firm specializes in employment and labor issues and normally charges between $150.00 and $250.00 per hour. Mr. Haines further submits three court orders from this district awarding rates of $250.00 per hour for the services of Mr. Haines and/or Mr. Kondela in similar fringe benefit collection lawsuits. (Doc. 11-2 at ¶ 3; Exs. B-D to Doc. 11-2.) Mr. Haines additionally attests that he has been practicing labor and employment law for 45 years. (Doc. 11-2 at ¶ 4.) Mr. Kondela attests that he has been practicing law for 11 years, specializing in labor and employment law for six of those

years. (Doc. No. 11-3 at 3.) This Court finds that the hourly rate of $250.00 is consistent with the prevailing market rates in northeast Ohio for attorneys with similar experience and expertise as the attorneys here.

Both Mr. Haines and Mr. Kondela submit billing statements detailing services performed, billed to the tenth of an hour. Together, the attorneys rendered 41.8 hours of legal services from the drafting the Complaint through the preparation of supplemental materials to support Plaintiff's default judgment motion discussed here. A review of Plaintiff's attorneys' billing statements revealed no redundancies, excesses, or otherwise unnecessary billing. This case involves a default judgment with straightforward the claims concerning the collection of fringe benefit contributions. This Court finds that the hours expended are reasonable and require no adjustment in either direction. Accordingly, this Court finds that a reasonable award of attorneys' fees is $10,450.00.

Plaintiff also seeks costs, in the amount of $350.00, representing the filing fee for Plaintiff's Complaint. Plaintiff additionally seeks $1,525.00 for fees incurred by a professional auditor. Mr. Kondela attests that this amount billed by the accounting firm Yurchyk and Davis CPAs and submits its bill for services in that amount. This Court finds that Plaintiff is entitled to recover the audit fees. *See Plasterers' Local Union No. 96 Pension Plan v. Perry*, 711 F. Supp. 472 (D. Md. 2010) (awarding expert fees under 29 U.S.C. §1132(g)). Indeed, such an expert was required due to Defendants' delinquency. This Court find that $350.00 for filing fees and $1,525.00 for audit services are reasonable and justified under 29 U.S.C. § 1132(g)(2)(D).

### 4. Post-judgment Interest

Plaintiff asserts that it is entitled to post-judgment. A prevailing party in district court is entitled to post-judgment interest as a matter of right. 28 U.S.C. § 1961; *see, e.g., Indu*

*Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir.1996). The post-judgment interest rate in this type of action "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961; *see Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993). District courts have virtually no discretion to modify this rate. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 840, 868 n.7, (1990).

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is entitled to damages as follows: compensatory damages in the amount of $38,283.22 for fringe benefits contributions, plus $3,828.32 for liquidated damages; attorneys' fees in the amount of $10,450.00; and costs in the amount of $1,875.00. Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED** that judgment shall be entered in favor of Plaintiff and against Defendants in the aggregate amount of $54,436.54, plus post judgment interest at the federal rate as of the date of this judgment.

This case is closed.

**IT IS SO ORDERED**.

Dated: December 29, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7